UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> CASTLE HILL HEALTHCARE PROVIDERS, LLC, <br><br> *Defendant.* | Civil Action No. 17-1666 (RDM) |

## MEMORANDUM OPINION

Plaintiffs Service Employees International Union National Industry Pension Fund, a multiemployer employee pension plan, and its Trustees (collectively the "Fund") brought this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") seeking, among other things, to collect unpaid contributions, interest, and liquidated damages from Defendant Castle Hill Healthcare Providers, LLC ("Castle Hill"). Dkt. 1 at 2 (Compl. ¶ 1). The dispute centers around whether Castle Hill complied with its obligations under ERISA, as amended by the Pension Protection Act of 2006 and the Multiemployer Pension Reform Act of 2014 ("MPRA"), and its 2010 collective bargaining agreement with the Service Employees International Union Local 1199 to make supplemental contributions to the Fund, which fell into "critical status" in 2009.

In March 2019, the Court granted in part and denied in part the Fund's motion for summary judgment, holding that, although "the Fund ha[d] carried its burden as to Castle Hill's failure to comply with its obligations under both the MPRA and the [Fund's rehabilitation]

plan," two uncertainties prevented the Court from granting summary judgment in full. *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. Castle Hill Healthcare Providers*, LLC, No. CV 17-1666 (RDM), 2019 WL 1429536, at *6 (D.D.C. Mar. 30, 2019) ("*SEIU I*"). First, based on the record before it, the Court could not resolve the parties' disagreement as to the rate Castle Hill was required to contribute to the Fund from October 2014 until the effective date of the MPRA (January 1, 2015). *See id.* at *6–8. Second, even for the period after the MPRA went into effect, the Court concluded that it could not enter judgment as to the specific amounts owed because of unexplained discrepancies in dates and rates between the first and second set of calculations submitted by the Fund. *Id.* at *9–10. The Court, accordingly, granted summary judgment as to Castle Hill's liability but denied summary judgment as to the specific amounts owed. The Court also denied Plaintiffs' request for injunctive relief, concluding that "[u]ntil the Court can ascertain the amount that Castle Hill owes, it is premature to issue an injunction compelling the company to make those payments." *Id.* at *10.

After the Court issued its decision, the parties submitted joint stipulations to resolve the remaining issues without further briefing. *See* Dkt. 27. The parties now agree—for the purposes of this litigation only—on an applicable supplemental contribution rate for the period from October 2014 to the effective date of the MPRA, as well as the specific rates and payment periods. *Id.* at 1–3. Based on these agreed-upon rates and time periods, Plaintiffs have submitted calculations and an accompanying declaration demonstrating that they are entitled to $36,193.87 in unpaid contributions from Castle Hill. *See* Dkt. 28 (Bardes Decl.); Dkt. 28-1 (dietary, housekeeping, and recreational aides spreadsheet); Dkt. 28-2 (certified nurse assistants).

Because the parties' original "Collection Policy calls for the collection of interest on delinquent contributions at the rate of 10% per year, and liquidated damages equal to the amount

of either the interest due or 20% of the delinquent contribution, whichever is greater," *SEIU I*, 2019 WL 1429536, at *2, Castle Hill owes Plaintiffs a total of $63,135.99. Although Castle Hill does not "concede that any amounts are owed," it acknowledges that the Fund has submitted materials demonstrating this total and that "the Court has determined that Plaintiffs have met their burden with regard to damages." Dkt. 30 at 1.

The Court will, accordingly, order that judgment be entered in favor of Plaintiffs and against Defendant in the total amount of $63,135.99.

A separate Order will issue.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge


Date: July 12, 2019